# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARYNA STEIN,<br><br>               Plaintiff,<br><br>vs.<br><br>MARSHALLS OF MA, INC,<br><br>               Defendant. | 2:11-cv-01353-GMN -VCF<br><br>**ORDER**<br><br>(*Emergency* Motion To Extend Discovery #15) |

Before the court is plaintiff Maryna Stein's *Emergency* Motion To Extend Discovery. (#15). Defendant Marshalls of MA, Inc. (hereinafter "Marshalls") filed an Opposition (#17), and plaintiff filed a Reply (#18). The court held a hearing on October 18, 2012.

**A.   Background**

Plaintiffs Maryna and Daniel Stein filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on July 21, 2011, asserting claims against Marshalls for (1) negligence and (2) loss of consortium. (#1 Exhibit A). Defendant Marshalls removed the action to this court on August 22, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (#1). Marshalls filed its answer on the same day, asserting eleven affirmative defenses. (#7). The parties submitted a proposed discovery plan and scheduling order on October 24, 2011, providing for a discovery cut-off date of October 4, 2012. (#10). The discovery plan was not signed by the court.[1]

On February 22, 2012, the parties filed a stipulation and order for dismissal with prejudice as to plaintiff Daniel Stein. (#11). The court signed the stipulation on February 23, 2012. (#12). On August

---

[1] The court stated during the hearing that the discovery plan (#10) was inadvertently not signed by the court as the undersigned took the bench shortly before it was filed. The undersigned signed the discovery plan (#10) in open court and held that it was effective as of October 28, 2011. (#19).

6, 2012, the parties filed an interim status report. (#13). The Honorable Judge Navarro entered a minute order on August 8, 2012, setting the trial for January 29, 2013. (#14). Plaintiff Maryna Stein filed the instant motion to extend discovery on October 2, 2012. (#15).

### B. Discovery Extension

#### 1. Relevant Law

Pursuant to LR 26-4, "[a]pplications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; © The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and, (d) A proposed schedule for completing all remaining discovery."

#### 2. Plaintiff's Arguments

Plaintiff asks this court to extend the discovery cut-off date, and asserts that good cause exists because plaintiff's counsel was under the belief that a stipulation to extend discovery had been filed in June of 2012. (#15). Plaintiff states that after her deposition in June of 2012, the parties discussed moving the discovery deadlines and defense counsel "sent over a Stipulation to extend deadlines, and [c]ounsel for [p]laintiff signed the same." *Id.* Plaintiff asserts that "[i]t was inadvertence and a simple clerical mistake on the part of [c]ounsel's staff that said Stipulation was not filed." *Id.* On October 1, 2012, defendant deposed plaintiff's expert. *Id.* Plaintiff's two other experts were to be deposed the

following days. *Id.* When plaintiff's counsel asked his staff when the discovery cut-off was so that he could schedule the deposition of defendant's expert, counsel "learned that the [d]iscovery deadline *had not* been moved and was in fact October 4, 2012." *Id.*

Plaintiff's counsel contacted defense counsel, but he was unwilling to stipulate to move the discovery deadline. *Id.* Plaintiff asserts that no prejudice would result from extending the deadline. *Id.* Plaintiff also asserts that he did not schedule the depositions of the defendant's two experts, which are "crucial," because he believed that the discovery deadline had in fact been moved. *Id.* Plaintiff's counsel "suffered a devastating network failure" during August and September, which caused all data and documents to be temporarily lost, counsel's calendar to fail, and counsel to be unable to provide defendant's rebuttal expert report to her expert witness until the computer system was restored in late September. (#15 Exhibit 1 Affidavit of Sassan Knight - Party Responsible for Computer Network at Law Firm).

Plaintiff also argues that she has yet to obtain employment records from Ukraine, as the distance, language barrier, and time difference make obtaining the records exceptionally difficult. (#15). Plaintiff asks this court for a discovery extension of 90-180 days. *Id.*

### 3. Defendant's Arguments

Defendant asserts in its opposition that the extension should not be granted because the "motion is untimely and fails to demonstrate a reason to vacate the trial date and reopen discovery." (#17). Defendant states that the parties discussed a stipulation to extend discovery during the June deposition, but that no agreement was reached. *Id.* As plaintiff's motion was filed on October 2, 2012 (#15), and discovery closed October 4, 2012 (#10), defendant argues that the motion is untimely, because it was not filed 21 days prior to the deadline. *Id.* Defendant also asserts that plaintiff did not demonstrate "excusable neglect" for the failure to file it timely. *Id.*

Defendant asserts that there was never an agreement to extend discovery, and that throughout discovery, the attorneys' emails mentioned the October 4, 2012, discovery deadline several times. *Id.* Defendant also asserts that plaintiff's counsel had not notified defendant of the computer difficulties until receipt of the instant motion. *Id.* Defendant argues that plaintiff did not comply with LR 26-4, as (1) plaintiff included only a partial explanation concerning section ©, (2) plaintiff has not provided a description of the discovery that remains to be completed (defendant assumes plaintiff intends to take an expert deposition, but argues that plaintiff has not stated which one and has had two months to do so), and (3) plaintiff has not set forth a proposed, revised discovery schedule. (#17).

With regard to the employment records, defendant argues that plaintiff has had "ample opportunity to obtain [employment] documentation [from Ukraine] and [to] produce it to support her claims." *Id.* On June 29, 2012, defendant requested "a copy of [plaintiff's] employment records from [plaintiff's] last employment prior to immigrating to the United States," but plaintiff did not substantively respond. *Id.* Defendant asserts that "[a]ny revision to the discovery schedule would require vacating the trial date and disrupt Marshalls pretrial planning."

   **4.   Plaintiff's Reply**

Plaintiff argues that she did demonstrate excusable neglect and that the motion was not untimely pursuant to LR 26-4, as exceptions apply. (#18). Plaintiff also asserts that she complied with LR 26-4, by setting forth that discovery to be completed included the depositions of defendant's expert witnesses. *Id.* Plaintiff states that she demonstrated excusable neglect, as she explained that plaintiff's counsel "logically and reasonably believed the discovery deadline had been extended and...suffered a devastating computer failure requiring replacement of the server." *Id.* Plaintiff asserts that she complied with LR 26-4(d), as she proposed a 90-180 day extension. *Id.* Plaintiff also asserts that she sought the extension on the very day that counsel learned that discovery had not been extended, and that defendant even admits that the parties discussed the discovery extension. *Id.*

### C. Discussion

Plaintiff filed the instant motion less than 21 days prior to the close of discovery, but argues that excusable neglect exists because counsel believed a stipulation had been filed to extend discovery and suffered a computer system failure. (#15). Plaintiff asserts that the only discovery plaintiff needs to complete are the depositions of defendant's experts.[2] *Id.* The court recognizes that these depositions may be critical to plaintiff's claims, but finds that completely re-opening discovery is not warranted. During the hearing, defense counsel clarified that he was not asking the court to compel plaintiff's employment records from the Ukraine, but simply bringing the issue to the court's attention.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Maryna Stein's *Emergency* Motion To Extend Discovery (#15) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is not re-opened.

IT IS FURTHER ORDERED that, on or before November 16, 2012, plaintiff may conduct the depositions of defendant's four (4) experts.

IT IS FURTHER ORDERED that, on or before November 16, 2012, plaintiff must produce to defendant any and all employment records from the Ukraine. If plaintiff is unable to obtain such records, plaintiff's counsel must inform defense counsel in writing of the same by November 16, 2012.

IT IS FURTHER ORDERED that the following deadlines apply:

December 3, 2012                Dispositive Motions Deadline.

. . .

. . .

. . .

. . .

---

[2] During the hearing, the parties agreed that plaintiff needs to conduct four depositions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

December 17, 2012			Joint Pre-Trial Order Due.  If dispositive motions are filed, the joint pretrial order is due thirty (30) days after the court issues its rulings on the motions.

DATED this 18th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE