# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARYNA STEIN, | ) |
|                          Plaintiff, | ) Case No.: 2:11-cv-01353-GMN-VCF |
|    vs. | ) **ORDER** |
| MARSHALLS OF MA, INC., | ) |
|                          Defendant. | ) |

Pending before the Court is the Motion for Summary Judgment (ECF No. 40) filed by Defendant Marshalls of MA, Inc. ("Marshalls"). Plaintiff Maryna Stein filed a Response (ECF No. 55)[1], and Defendant filed a Reply (ECF No. 56). Plaintiff filed a Sur-Reply, styled as a "Response" (ECF No. 63) without requesting leave of the Court, to which Defendant filed a Motion to Strike (ECF No. 65). Plaintiff did not oppose Defendant's Motion to Strike.

## I.  BACKGROUND

In August 2011, this action was removed to this Court from state court by Defendant. (ECF No. 1.) In the Amended Complaint, filed in the state court in July 2011, Plaintiff and her husband, Daniel Stein, alleged one cause of action for "Premises Liability – Negligence" on behalf of Plaintiff, and one cause of action for "Loss of Consortium" on behalf of Plaintiff's husband. (Am. Compl., Ex. A to Notice of Removal, ECF No. 1.) In February 2012 the parties filed a stipulation to dismiss all claims by Plaintiff's husband, Daniel Stein, and the Court so ordered. (Order on Stipulation, Feb. 23, 2012, ECF No. 12.) Therefore the sole claim remaining in this action is Plaintiff's claim for "Premises Liability – Negligence" against

---

[1] Plaintiff's original Response (ECF No. 51) appears to have been missing pages from the brief. Plaintiff filed a second Response (ECF No. 55), apparently to correct and supersede the first Response.

Defendant Marshalls.

Plaintiff alleges that on August 29, 2009, she was a customer on the premises of one of Defendant's stores in Clark County, Nevada. (Am. Compl., 4:¶10.) She alleges that she "was an invitee of [Defendant] and was walking in the [store] when she slipped and/or tripped and fell because of a hole in the floor which had a 2-3 inch diameter as well as a liquid substance that was on the floor near the hole." (*Id*. at 4:¶11.) She alleges that both the hole and the liquid substance "were difficult if not impossible to see and which were, in fact, not seen by [her] as she was passing by the area and shopping for items in the [store]." (*Id*.)

As a result of this incident, Plaintiff "brings this suit to recover for personal injuries she sustained as a result of a dangerous condition in the [store]." (*Id*. at 4:¶12.) She alleges that Defendant "knew or should have known of the unreasonable dangerous condition and neither corrected it nor warned [Plaintiff] of its existence." (*Id*. at 4:¶13.) Plaintiff alleges that she "did not have any knowledge of the dangerous condition prior to her fall and could not have reasonable [sic] been expected to discover it." (*Id*. at 4:¶14.) She alleges that "[Defendant]'s failure to correct the condition or to warn [Plaintiff] constituted negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries." (*Id*.) Finally, Plaintiff alleges that she "was within the category of persons protected by the statutes and case law of the State of Nevada requiring landlords and business owners to maintain premises in a safe condition for invitees and suffered the types of injuries designed to be prevented by said laws." (*Id*. at 4:¶15.)

Discovery closed on October 4, 2012; and dispositive motions were due December 3, 2012. (Sched. Order, Oct. 18, 2012, ECF No. 19; Mins., Oct. 18, 2012, ECF No. 21.)

II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing

party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   DISCUSSION

As an initial matter, the Court will grant Defendant's Motion to Strike (ECF No. 65) Plaintiff's Sur-Reply (ECF No. 63), because the Court did not give leave to file a Sur-Reply, and Plaintiff did not oppose striking it.  Furthermore, as discussed below, the Court finds that summary judgment should be entered in Defendant's favor and the Court's cursory review of Plaintiff's Sur-Reply (ECF No. 63) does not appear to provide any basis for a different outcome.

Federal courts apply state substantive law in matters not governed by the United States Constitution or acts of Congress. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); 28 U.S.C.

/ / /

§ 1652.[2]  Here, Nevada law governs Plaintiff's claim for negligence.

In Nevada, to prevail on a traditional negligence theory a plaintiff must prove that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012).

Here, Defendant argues that Plaintiff cannot establish that Defendant breached a duty owed to her because she has no evidence that Defendant created the hazard, that Defendant had actual knowledge of the existence of the hazard, or that Defendant had constructive notice of the hazard. (Mot. Summ. J., 3:11-12, 25-27, ECF No. 40.)  In support, Defendant attaches its August 22, 2012, Responses to Plaintiff's First Request for Production of Documents. (Ex. A to Mot. Summ. J.)  Defendant also cites *Gunlock v. New Frontier Hotel Corp.*, 370 P.2d 682, 684 (Nev. 1962)[3] and *Sprague v. Lucky Stores, Inc.*, 849 P.2d 322, 322 (Nev. 1993), in support of its legal arguments.

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322.  In *Sprague*, the Nevada Supreme Court provided two examples of situations where "liability will lie" where "a foreign substance on the floor causes a patron to slip and fall": (1) "the business owner or one of its agents caused the substance to be on the floor;" and (2) "the foreign substance is the result of the actions of persons other than the business or its employees" and "the business had actual or constructive notice of the condition and failed to remedy it." *Id*. at 322-23.

---

[2] In her Response, Plaintiff provides the legal standard for summary judgment under Nevada law. (Resp. to Mot. Summ. J., 2:18-24, ECF No. 55.)  However, here the Court applies federal law for procedural matters.

[3] In *Gunlock*, the Nevada Supreme Court held that there is no liability "for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." 370 P.2d at 684.  However, the Nevada Supreme Court has since abrogated this portion of the *Gunlock* opinion, where it took the "opportunity to examine the development of the open and obvious doctrine and hold that landowners are not free from the duty to exercise reasonable care solely because the danger posed was open and obvious." *Foster*, 291 P.3d at 153.

In her Complaint, Plaintiff alleges that Defendant's breach of the duty of care was in its "failure to correct the condition or to warn," but not in causing the condition. (*See* Compl., 4:¶14.)  Therefore, with its motion, Defendant argues that summary judgment should be entered in its favor because Plaintiff has not produced any evidence showing that Defendant had actual or constructive notice of the condition, and that therefore Defendant did not breach any duty for failing to correct the condition or to warn.  In her Response, Plaintiff does not appear to challenge Defendant's argument that Defendant did not have actual notice, but briefly argues that the "depression in the floor . . . was either known or should have been known if Defendant's employees did reasonable inspections of high traffic areas such as cashier lanes." (Resp. to Mot. Summ. J., 8:22-23.)  Plaintiff does not address or provide contradictory evidence in response to Defendant's August 22, 2012 Responses to Plaintiff's First Request for Production of Documents, in which Defendant states that no other trip and fall incidents were documented in the two-year period between August 29, 2007 and August 29, 2009 at the location where Plaintiff fell.

Plaintiff also appears to argue that Defendant's liability derives from its violations of Nevada building codes, or alternatively, from a *res ipsa loquitur* theory.  In support of these arguments, Plaintiff refers, without citation, to a report by her retained expert, Brian K. Jones, in which Mr. Jones apparently concludes that Defendant failed to comply with applicable building codes. (Resp. to Mot. Summ. J., 3:5-21.)  Plaintiff also cites to *Woosley v. State Farm Ins. Co.*, 18 P.3d 317 (Nev. 2001) in support of her *res ipsa loquitur* theory.

In *Woosley*, the Nevada Supreme Court explained that "[r]es ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to affirmatively proving it, when certain elements are met." 18 P.3d at 321.  Under Nevada law, in order for the doctrine of *res ipsa loquitur* to apply, a party must show: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event

must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff. *Id*. Also, "the defendant [must] have superior knowledge of or be in a better position to explain the accident for res ipsa loquitur to apply." *Id*.

Here, the Court agrees with Defendant that Plaintiff can produce no evidence or legal authority supporting her theory of *res ipsa loquitur* where her trip and fall on Defendant's premises does not qualify as an "event . . . of a kind which ordinarily does not occur in the absence of someone's negligence." The Court's review of relevant Nevada case law provides no basis for the application of a *res ipsa loquitur* theory here.

The Court also agrees with Defendant that, to the extent that Plaintiff's reference to her expert's testimony as to Nevada building codes implies a strict liability theory, Plaintiff provides no legal authority supporting the application of such a theory here. Furthermore, the Court's review of relevant Nevada case law provides no basis for the application of strict liability in such a case as this one, particularly where, as here, Plaintiff's Complaint does not allege the elements for strict liability.

Finally, reviewing Defendant's August 22, 2012 Responses to Plaintiff's First Request for Production of Documents (Ex. A to Mot. Summ. J.), and even assuming the truth of her expert's report as described in the Response (ECF No. 55), and drawing all justifiable inferences in her favor, the Court agrees with Defendant that Plaintiff has presented no factual evidence to support her allegations that Defendant owed Plaintiff a duty of care and breached that duty. Because these elements are essential to her case, on which Plaintiff will bear the burden of proof at trial, the Court finds that Defendant has met its initial burden for summary judgment in its favor. Furthermore, as discussed above, the Court finds that Plaintiff has not shown that a genuine issue of material fact exists as to these two elements because she has shown no facts at all to support these allegations in her briefs on the motion. Accordingly, the

Court must find that Plaintiff has failed to meet her burden, and summary judgment must be granted in Defendant's favor.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike (ECF No. 65) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 40) is **GRANTED**.  The Clerk shall enter judgment accordingly.

**DATED** this 28th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge