# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARYNA STEIN,

        Plaintiff,

vs.

MARSHALLS OF MA, INC.,

        Defendant.

Case No.: 2:11-cv-01353-GMN-VCF

**ORDER**

Before the Court is the Order of the Ninth Circuit Court of Appeals (ECF No. 83) remanding Plaintiff Maryna Stein's appeal for the limited purpose of permitting this Court to address in the first instance the Motion to Enforce Settlement Agreement filed by Defendant Marshalls of MA, Inc. ("Marshalls") in the appellate docket, along with related briefs.

## I.     BACKGROUND

In May 2013 the Court entered an Order (ECF No. 76) granting Defendant's Motion for Summary Judgment, and the Clerk of the Court entered judgment accordingly, closing the case (ECF No. 77).  One month later, Plaintiff filed a Notice of Appeal (ECF No. 79) to the Ninth Circuit Court of Appeals.  In August and September 2013, the parties filed briefs in the appellate docket regarding Marshalls' motion to enforce an oral settlement agreement and to dismiss the appeal. (*See* Order of Ninth Circuit, Dec. 20, 2013, ECF No. 83.)  On December 20, 2013, the Ninth Circuit Court of Appeals remanded the case for the limited purpose of considering Marshalls' motion and the parties' related briefs. (*Id.*)

## II.    LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.  However, the district court may enforce only

*complete* settlement agreements." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "Whether the parties *intended* only to be bound upon the execution of a written, signed agreement is a factual issue." *Id*. at 890-91. "In addition to the intent of the parties to bind themselves, the formation of a settlement contract requires agreement on its *material terms*." *Id*. at 891. "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.* at 890. "Because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005) (footnote omitted).

Under Nevada law, "[b]asic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *Id*. (footnote omitted). "A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite." *Id*. (footnote omitted). "A contract can be formed, however, when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later." *Id*. (footnote omitted). Ordinarily, "[w]here a complete contract was made orally, the fact that it was expected that a written contract would afterwards be signed, embodying the terms of the oral contract, does not prevent the oral contract from taking effect." *Micheletti v. Fugitt*, 134 P.2d 99, 104 (Nev. 1943).

"In the case of a settlement agreement, a court cannot compel compliance when material terms remain uncertain." *May v. Anderson*, 119 P.3d at 1257 (footnote omitted). The court must be able to ascertain what is required of the respective parties." *Id*. (footnote omitted). "[T]he question of whether a contract exists is one of fact." *Id*.

"[T]he evidence that the parties intended to be presently bound must be convincing and subject to no other reasonable interpretation." *Tropicana Hotel Corporation v. Speer*, 692 P.2d 499, 502 (Nev. 1985) (examining manifestations of the parties' intent regarding the finality of

/ / /

an oral contract)[1]; *see also Mack v. Estate of Mack*, 206 P.3d 98, 108 (Nev. 2009) (concluding that "substantial evidence exists that shows a meeting of the minds between the parties" "based on [opposing party]'s clear assent to the terms of the settlement agreement at the hearings held by [the judge]").

## III. DISCUSSION

Here, based upon the affidavits alone, there appears to be no factual dispute as to whether a valid oral agreement was formed.  Indeed, in the Response, counsel for Ms. Stein state that "the factual statements in Marshalls' motion are accurate: settlement of Plaintiff's case was effectuated on August 15, 2013."

However, Ms. Stein apparently failed to sign the documents memorializing the settlement, and has apparently instructed her counsel that she does not wish to proceed with the settlement.  Based upon Plaintiff's Response, it is unclear to the Court whether Plaintiff opposes Defendant's motion, and if so, on what grounds.

In their briefs, the parties allude to confidential documents to which the attorney-client privilege may apply, and submit as evidence only the affidavits of their respective counsel, along with the proposed final settlement documentation.

Despite the appearance of non-opposition from Plaintiff, the Court finds that an evidentiary hearing on the motion is appropriate so that the parties may present evidence and any relevant testimony, and so that the parties may clarify whether material facts concerning the existence or terms of an agreement to settle are in dispute.  The Court recognizes that the

---

[1] In *Tropicana Hotel Corporation v. Speer*, the court found that the conduct of the party seeking to enforce an employment contract was convincing evidence that the parties "could not have intended to be presently bound." 692 P.2d at 502.  The parties had orally negotiated a stock transfer agreement to accompany the orally negotiated employment contract. *Id*.  The moving party did not sign the proposed written employment contract because his attorney advised waiting until a satisfactory stock transfer agreement had also been prepared and signed. *Id*.  The court found that the moving party's withholding of signature on the employment contract indicated an understanding that the employment contract was not binding until set in writing. *Id*.  Otherwise, withholding the signature would have been meaningless. *Id*.

1  attorney-client privilege may be at issue, and will require a statement from the parties as to
2  whether the privilege is waived in relation to any evidence submitted.

3  **IV.    CONCLUSION**

4      **IT IS HEREBY ORDERED** that a hearing shall be set for **Monday, January 13, 2014
5  at the hour of 9:00 a.m. in Courtroom 7D** before the Honorable Gloria M. Navarro, United
6  States District Judge, to consider the arguments of counsel and any evidentiary submissions
7  from the parties relating to the Motion to Enforce Settlement (*see* ECF No. 83).

8      **IT IS FURTHER ORDERED** that any documents the parties wish the Court to
9  consider *in camera* shall be filed on the docket **UNDER SEAL <u>by close of business on
10 Monday, January 6, 2014</u>**, with an accompanying statement as to whether any **attorney-
11 client privilege <u>APPLIES</u> or is <u>WAIVED</u>.**

12     **DATED** this 27th day of December, 2013.

                                                                _____
                                                                 Gloria M. Navarro
                                                                 United States District Judge